IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CR-22-BO
No. 4:17-CV-26-BO

| | | |
|---|---|---|
| THOMAS KENODRICK WILSON | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| Respondent. | ) | |

This cause comes before the Court on a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner. The government has moved to dismiss petitioner's § 2255 motion. Petitioner has responded to the motion to dismiss, and the matters are ripe for ruling. Also pending is a motion to expedite ruling filed by petitioner. For the reasons that follow, petitioner's § 2255 motion is granted.

## BACKGROUND

Petitioner was sentenced by this Court to a term of sixty-four months' imprisonment following his plea of guilty to one count of possession with intent to distribute twenty-eight grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). Petitioner did not appeal his conviction or sentence. On February 3, 2017, the Court ordered that it would construe a letter sent by petitioner as a motion pursuant to 28 U.S.C. § 2255 in the absence of his providing notice to the Court that he did not intend to file such a motion. On March 2, 2017, petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. The government moved to dismiss the § 2255 motion on May 8, 2017.

DISCUSSION

Petitioner contends in his § 2255 motion that the vacatur of a prior conviction, namely a 2004 felon in possession of a firearm conviction in this district, is grounds for resentencing. *See* United States v. Wilson, No. 4:04-CR-35-H (E.D.N.C. May 16, 2016). Specifically, petitioner contends that without the 2004 conviction, his criminal history category would have been a III rather than a IV and that he should be resentenced accordingly. The government in its motion to dismiss contends that petitioner's argument is barred by his plea agreement, in which petitioner waived his right to contest his conviction or sentence in any post-conviction proceeding.

Sentence enhancements based on previous convictions should be reconsidered if those convictions are later vacated and the federal sentence is therefore rendered unlawful. *United States v. Pettiford*, 612 F.3d 270, 276 (4th Cir. 2010) (citing *United States v. Gadsen*, 332 F.3d 224, 228 (4th Cir. 2003)); *see also United States v. Dorsey*, 611 F. App'x 767, 769 (4th Cir. 2015). "The vacatur order gives a defendant both the basis to challenge an enhanced federal sentence and a new one-year period in which to pursue that challenge." *Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011) (citing *Johnson v. United States*, 544 U.S. 295, 306-07 (2005)); *see also United States v. Bacon*, 94 F.3d 158, 162 n.3 (4th Cir. 1996).

The Fourth Circuit has held that a district court must begin its analysis at sentencing by calculating a defendant's prescribed guideline range. *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). Next it must consider that range and other relevant factors in section 3553(a) before imposing the sentence. *Id.* At sentencing, petitioner's advisory guidelines range was calculated to be fifty-seven to seventy-one month's imprisonment based on his total offense level and criminal history score, but application of the statutory mandatory minimum of sixty months resulted in an advisory guidelines range of sixty to seventy-one months' imprisonment. The fact

that petitioner's criminal history level has changed as a result of the vacatur of his prior conviction renders his current federal sentence unlawful. Therefore petitioner must be resentenced in light of his new applicable guideline range. *See United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007).

The government's argument that petitioner's waiver of his right to pursue collateral challenges to his conviction or sentence bars the instant § 2255 motion is unavailing. A court must generally enforce a valid waiver of the right to collaterally attack a sentence, so long as the waiver is knowing and voluntary. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). While a valid plea waiver will generally be upheld, *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005), a certain narrow class of claims fall outside the scope of a valid waiver of collateral attack and direct appeal rights. *See, e.g. United States v. Attar*, 38 F.3d 727, 732 (4th Cir. 1994); *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005) ("even a knowing and voluntary waiver of the right to appeal cannot bar the defendant from obtaining [] review of certain claims.").

Enforcement of the collateral attack waiver in petitioner's plea agreement under these circumstances would result in a miscarriage of justice, as the vacatur of a prior conviction is generally not an error that a defendant could reasonably contemplate at the time he enters into a plea agreement. *Blick*, 408 F.3d at 172; *see also United States v. Andis*, 333 F.3d 886, 891 (8th Cir. 2003). This is true in this case irrespective of the fact that petitioner was sentenced to only four months in excess of the statutory mandatory minimum. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016) ("When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error."). Accordingly, the Court holds that in light of the vacatur of petitioner's prior

3

conviction and the resulting change in petitioner's criminal history calculation, petitioner must be resentenced. *Dorsey*, 611 F. App'x at 770 (finding challenge to sentence calculation cognizable under § 2255).

## CONCLUSION

For the foregoing reasons, petitioner's motion to vacate, set aside, or correct sentence [DE 39] is GRANTED. The government's motion to dismiss [DE 47] is DENIED and petitioner's motion to expedite ruling [DE 51] is DENIED AS MOOT. Petitioner's sentence is hereby VACATED and this matter shall be set for resentencing by separate notice.

SO ORDERED, this ___5___ day of October, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE